NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10272 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00449-KJM-1 |
| v. | |
| BRYAN R. SCHWEDER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted December 4, 2017
San Francisco, California

Before:  PAEZ, IKUTA, and HURWITZ, Circuit Judges.[**]

Bryan Schweder pleaded guilty to one count of conspiracy to manufacture at

least 100 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) & 846 and one

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     This case was originally submitted to a panel that included Judge Irene Keeley of the Northern District of West Virginia, sitting by designation, and former Judge Kozinski.  Judges Paez and Ikuta have been drawn to replace them.  *See* Ninth Circuit General Order 3.2.h.  Judges Paez and Ikuta have read the briefs, reviewed the record, and listened to the oral argument.

count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He received concurrent sentences of 162 months imprisonment on the conspiracy count and 120 months on the felon in possession count. On appeal, he challenges only the conspiracy conviction.

After Schweder appealed, we decided *United States v. McIntosh*, which held that the Department of Justice was prohibited by an appropriations rider "from spending funds from relevant appropriations acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws." 833 F.3d 1163, 1177 (9th Cir. 2016). We therefore remanded this case to the district court for the sole purpose of conducting an evidentiary hearing to determine whether Schweder had fully complied with California medical marijuana law, retaining jurisdiction over the appeal.

The district court then conducted a four-day evidentiary hearing and concluded that Schweder had not complied with California Health & Safety Code § 11362.775. In light of the district court's findings, which Schweder does not contest in his supplemental brief, we affirm the conspiracy conviction.

California law requires all members of a medical marijuana collective to be qualified patients or designated primary caregivers. *See* Cal. Health & Safety Code § 11362.775(a); *People v. Anderson*, 182 Cal. Rptr. 3d 276, 277, 289–90 (Cal. Ct. App. 2015) (noting that members include both those who grow the marijuana and

the collective's customers).  The district court did not clearly err in concluding that some hired workers and at least one customer of Schweder's cooperative were neither qualified patients nor designated primary caregivers.  *See United States v. Evans*, 929 F.3d 1073, 1078 (9th Cir. 2019) (stating standard of review).[1]

**AFFIRMED.**

---

[1]  Because we affirm on the merits, we decline to address the appeal waiver in Schweder's plea agreement.  *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).